**Charles and Brenda ROGERS, Appellants,**

v.

**Lavern M. and Joyce F. AUSTIN, Respondents.**

**No. WD 57508.**

Missouri Court of Appeals, Western District.

Dec. 12, 2000.

Bradley Constance, Independence, for appellants.

Daniel Franco, Kansas City, for respondents.

SPINDEN, Chief Judge.

Charles and Brenda Rogers asked the circuit court to enjoin Lavern and Joyce Austin from interfering with their construction and placement of a boat dock on Prairie Lee Lake. The circuit court granted their request for an injunction, but it ordered the Rogerses to reconfigure the dimensions and placement of the boat dock. The Rogerses appeal. They contend that the circuit court erred in restricting the size and placement of the boat dock because such restrictions were not supported by substantial evidence. We agree and reverse the circuit court's judgment.

The Rogerses own land in a Lee's Summit subdivision, George Addition's, on Prairie Lee Lake. The Rogerses own "Lot 47A, replat of Lots 46, 47, and part of Lot 48[.]" The Rogerses' property was originally platted in the late 1930s. At that time, a 150–foot strip of land separated the Rogerses' lots from Prairie Lee Lake. According to the original plat, the 150–foot strip was intended to be used as a road and parkway, but the land was never put to its intended use and was eventually sold.[1] The Austins own part of that original 150–foot strip, and their land is between the lake and the Rogerses' property.

When the Rogerses' property was first sold by Todd George, the developer of George's Addition, George granted boat and dock privileges on the shoreline of the lake "of same width and directly in front of" Lots 46, 47 and part of Lot 48. George also granted the owners the right of ingress and egress over the parkway.

On March 11, 1997, in prior litigation between the parties, the Jackson County Circuit Court granted to the Rogerses a defined ingress and egress easement across the Austins' property to give the Rogerses access to Prairie Lee Lake. Specifically, the circuit court ordered that the easement be on:

A strip of land 10 feet in width running from the northeasterly corner of Lot 47A, REPLAT OF LOTS 46, 47 and PART OF LOT 48, GEORGES ADDITION, a subdivision in Lee's Summit, Jackson County, Missouri, along and to the southwest of the extension of the northeasterly line of said lot to the shoreline of Prairie Lee Lake; and

A strip of land 10 feet in width running along the shoreline of Prairie Lee Lake beginning at the point where the extension of the northeasterly line of said Lot 47A intersects with said shoreline and running westerly therefrom along said shoreline a distance of 30 feet.

The circuit court also ordered that the Rogerses be allowed to anchor a boat and swimming dock to the shoreline and to install and maintain an underground electrical line within the easement to serve a boat and swimming dock.

After the circuit court entered its judgment, the Rogerses began constructing their boat dock. On March 18, 1997, Jackson County, the owner of Prairie Lee Lake, enacted an ordinance regulating the placement of docks on the lake. The ordinance required all prospective dock owners to secure a permit from the Jackson County director of parks and recreation. On April 29, 1997, the Rogerses received a permit to place a dock no wider than 30 feet and projecting into the lake no further than 36 feet. On May 23, 1997, the Rogerses received an amended permit to increase the width of the dock to 50 feet. On October 30, 1997, the Rogerses completed the construction of the dock. The dock measured 50 feet wide by 30 feet deep and was anchored within the 30–foot easement granted to the Rogerses by the circuit court on March 11, 1997. On October 30, 1997, Jackson County rescinded the ordinance regulating the placement of boat docks on Prairie Lee Lake and the requirement to obtain a permit. The next morning the Rogerses discovered that the boat dock's anchoring cables had been cut, allowing the dock to float to the lake's far shore.

Because the Rogerses felt that the Austins were interfering with their placing a dock on the lake, they filed a petition seeking to enjoin the Austins from interfering with the construction, placement, anchoring, use and enjoyment of their boat dock.[2] In ruling on the Rogerses' petition,

---

1. For a history of the property see Bradley v. County of Jackson, 347 S.W.2d 683 (Mo. 1961).

2. The Rogerses also sought further relief under Counts II through VI of their petition, but they do not appeal the circuit court's rulings on those counts. The Austins also filed a multi-count counterclaim, and neither they nor the Rogerses appeal the circuit court's rulings on those counts.

the circuit court noted that it "[felt] constrained to adhere to the [j]udgment entered [on March 11, 1997], by the Honorable William Ely ..., because all parties [had] relied on said [j]udgment and changed their positions[.]" The court ruled:

[The Rogerses] in accordance with the [j]udgment of March 11, 1997 had the right to construct and install a boat and swim dock, but not in the configuration originally constructed. In addition, [the Rogerses] must attach the cables to the shore within the 30 foot area specified in the March 11, 1997 [j]udgment [e]ntry. The [Rogerses] must reconfigure the boat and swim docks ... within the easement lines as if they were extended into the lake, at a 90 degree angle from the shore line.

The Rogerses appeal.

■ The Rogerses contend that the circuit court erred in restricting the size and placement of the boat dock because such restrictions were not supported by substantial evidence. In reviewing this decision, we must affirm the circuit court's judgment in a court-tried case unless it is not supported by substantial evidence, is against the weight of the evidence, or erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

■ The circuit court's judgment allowed the Rogerses to maintain the 50-foot by 30-foot dock, but rather than keeping the 50-foot side of the dock parallel with the shoreline, it required the Rogerses to place the dock so that its 30-foot side was parallel to the shoreline. The circuit court's judgment, therefore, required the Rogerses to keep their dock within, and not extend beyond, the 30-foot shoreline easement granted by the circuit court on March 11, 1997. We agree with the Rogerses that nothing in the record supports this requirement.

The original grant gave the Rogerses boat and dock privileges on the shoreline of the lake "of same width and directly in front of" their lot. Recognizing this grant, the circuit court on March 11, 1997, established an easement, which gave the Rogerses the right of ingress and egress over the Austins' property and which allowed the Rogerses to anchor a boat dock to the shoreline. While the original grant may have given the Rogerses the right to build a dock which could span the entire width of their lot, the easement established by the circuit court gave the Rogerses only a 10-foot by 30-foot long strip of land to which they could anchor a dock. The Rogerses did not appeal the circuit court's order establishing this easement.

The evidence in this case, however, established that the Rogerses anchored their 50-foot by 30-foot dock within the 30-foot easement. The circuit court, therefore, erred in requiring the Rogerses to place the dock so that it was located entirely within the 30-foot wide area on the shore line. We reverse the circuit court's judgment and remand for the circuit court to enter judgment accordingly.

EDWIN H. SMITH and HOWARD, JJ., concur.